**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **HEINZ KETTLER GMBH & CO., KG,** and **KETTLER INTERNATIONAL, INC.,**   Plaintiffs, <br><br> **THE LITTLE TIKES COMPANY, INC.** and **MGA ENTERTAINMENT INC.,**   Defendants. | C.A. No. 2:09-cv-500-RGD-FBS <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

The Little Tikes Company, Inc. ("Little Tikes") and MGA Entertainment, Inc. ("MGA") (collectively, "Defendants"), hereby submit this Memorandum in Support of their Motion to Dismiss for Failure to State a Claim on which Relief may be Granted pursuant to Fed. R. Civ. P. 12(b)(6). This action is a thinly-veiled attempt by Heinz Kettler GMBH & Co., KG, ("HK") and Kettler International, Inc. ("Kettler") (collectively, "Plaintiffs"), to re-litigate a matter that has already been decided.

In particular, all of the claims in Plaintiff's complaint are barred by the claim preclusion arm of the doctrine of *res judicata* and under an implied license to practice the patents by virtue of legal estoppel. This matter has already been litigated and dismissed with prejudice with respect to Little Tikes and, as its corporate parent, with respect to MGA. Because no count of the Complaint states a claim on which relief can be granted, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

This action arises from an eleven month dispute in the Eastern District of Virginia that has already been litigated and dismissed with prejudice. The original complaint regarding the family of patents now being asserted was filed by Plaintiffs against Rand International, LLC ("Rand") and Little Tikes on July 1, 2008. *See* Complaint from *Heinz KETTLER GmbH & CO., KG., et al. v. Rand International, LLC, et al.*, Case No. 1:08cv679 (E.D. Va.) (attached hereto as Exhibit 1). The complaint in *Heinz Kettler GmbH & Co. KG., et al. v. Rand International, LLC, et al.* (hereinafter "the Rand case") asserted U.S. Patent Nos. 6,799,772 ("the '772 patent") and 7,156,408 ("the '408 patent"), patents that Plaintiffs again attempt to assert in this action. *See* Ex. 1 at ¶ 12. Generally, the patents-in-suit are directed towards, among other things, "a vehicle steering head, limited turn system, and/or steering lock system." Complaint ¶ 13. In the Rand case, Plaintiffs asserted that Ofrat Model No. 129H infringed the '772 and '408 patents. Ex. 1 at ¶ 14.

To bring the eleven month saga to a conclusion, the parties, including Little Tikes, filed a Joint Motion to Dismiss with prejudice on June 1, 2009. *See* Joint Motion to Dismiss by Rand International, LLC, The Little Tikes Company, Inc. (attached hereto as Exhibit 2). The Motion was subsequently granted on June 2, 2009, resulting in the dismissal of the case with prejudice against Little Tikes. *See* June 2, 2009 Order (attached hereto as Exhibit 3). In particular, Judge Anthony Trenga ordered that "Plaintiff's claims asserted in the Complaint against Defendant The Little Tikes Company, Inc. ("Little Tikes") are **DISMISSED WITH PREJUDICE** as to the Ofrat Model No. 129H, also known as the "Steer and Grow" Trike tricycle." Ex. 3 at ¶ 2 (emphasis in original).

Despite authorizing Defendants to manufacture the allegedly infringing product in the Rand case, Plaintiffs filed the complaint in the instant action on October 8, 2009, purporting that Little Tikes tricycle Product No. 615221 ("Product No. 615221"), allegedly imported and sold by MGA, infringes the '272 patent, the '408 patent, and two related patents. Complaint ¶¶ 14-16. Plaintiffs' reassertion of the same family of patents is an unabashed attempt to drag Defendants through the mud for a second time in contravention of their expressly granted authorization in the Rand case.  Plaintiffs' justification for their actions is apparently rooted in the fact that Product No. 615221, in addition to having a different model number, includes cosmetic differences.  Of course, Plaintiffs ignore the fact that Product No. 615221 uses identical steering lock and limiting mechanisms as the product for which Plaintiffs expressly granted their authorization to manufacture (Ofrat Model No. 129H).  For the purposes of a patent case asserting utility patents, as is the case here, mere cosmetic differences are irrelevant to the question of infringement.

## ARGUMENT

The standard the Court applies in considering a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is well-established.  To survive a Rule 12(b)(6) motion to dismiss, the facts alleged "must be enough to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965, 1974 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (2007) (internal quotations and citations omitted).  Accordingly, this Court has determined that

"a Rule 12(b)(6) motion should be granted unless the factual allegations in the plaintiff's complaint are sufficient to raise a "'reasonably founded hope' that the plaintiff will be able to make out a case." *Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 838 (E.D.Va. 2007)(Beach, J.) (quoting *Twombly*, 127 S.Ct. at 1969). In this case, the doctrine of *res judicata* bars Plaintiffs from bringing this action, resulting in a failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### I. Principles of *Res Judicata* Bar All Counts of the Complaint With Respect to the '408 and '772 Patents

Because the issue of *res judicata*, or claim preclusion, does not turn on any rule of law having special application to patents, the law of the regional circuit in which the district court sits should be applied. *Media Technologies Licensing, LLC v. Upper Deck*, 334 F.3d 1366, 1369 (citations omitted). In this case, the Fourth Circuit's standard for *res judicata* controls. *Id*.

The doctrine of *res judicata* bars a case where "The first suit must have concluded in a final judgment on the merits; (2) The second suit must involve the assertion of claims by persons who were parties or in privity with parties in the first suit; and (3) The claims asserted in the second suit must be based on the same cause of action as the first suit." *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Circuit, 1987).

There is no question that the Dismissal Order entered with prejudice by the Court in the Rand case demonstrates that a final judgment on the merits was reached with respect to Little Tikes. *See* Ex. 3 at ¶ 2. Accordingly, this element of the doctrine of *res judicata* requires no further discussion.

In the instant action and the Rand case, the parties are identical or in privity with the parties in the Rand case. Specifically, Heinz Kettler and Kettler International are once again the plaintiffs, and Little Tikes is again a defendant. Only one difference exists – the current suit also

names Little Tikes' parent company, MGA, as a defendant. Nevertheless, the parties are in privity to the original Rand case because Little Tikes was a named as a party in the Rand case, and is a wholly-owned subsidiary of MGA. Accordingly, the same *res judicata* principles that bar Plaintiff's claims against Little Tikes also prevent Plaintiffs from asserting those claims against MGA. *See Kenny*, 820 F.2d at 669; Ex. 3 at ¶ 2.

Similarly, the claim in the instant action is based on the same cause of action as the Rand case. "In the context of patent law, *res judicata* bars a patentee from relitigating infringement where a second accused device is essentially the same as the device as the first suit, or if any differences between them are merely colorable." *Nystrom v. Trex Company, Inc.*, 553 F.Supp.2d 628, 631-32 (E.D.Va.2008) (*citing Hallco Mgf. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001). A new cause of action is presented only if the newly accused product is different from the product in the Rand case. *See, e.g.*, *Nystrom*, 553 F.Supp.2d at 632; *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F2d. 1320 (Fed. Cir. 1987). As mentioned above, Plaintiffs seek to reassert the '408 and '772 patents in the current action, and thus the only issue that warrants discussion is the relationship between the accused device in the first suit and the accused device in the current suit.

With respect to the accused products in the Rand case and the current action, an inspection reveals that they are identical with respect to the "steering head" and turning system. Affidavit of Elie Baron at ¶ 4 (attached hereto as Exhibit 4); and Affidavit of Thaddeus Fletcher at ¶ 3-6 (attached hereto as Exhibit 5). That is, there are no functional differences between the steering and turning systems of the two products. *Id*. In fact, the only differences between the accused product in the Rand case, Ofrat Model No. 129H/Little Tikes Model No. LT129, and the accused product in the instant action, Ofrat Model No. 1260100/Little Tikes Model No. 615221, are purely cosmetic. Affidavit of Elie Baron at ¶ 4 and Affidavit of Thaddeus Fletcher at ¶ 6.

5

For example, the newer model, Ofrat Model No. 1260100/Little Tikes Model No. 615221, features a high backrest with canopy and an upgraded parents' push handle which were not included in the earlier model, Ofrat Model No. 129H/Little Tikes Model No. LT129. *See* Affidavit of Elie Baron at ¶ 4 and Affidavit of Thaddeus Fletcher at ¶ 6. Nevertheless, the steer-locking and steer-limiting system in both models of tricycle is exactly the same. *See* Affidavit of Elie Baron at ¶ 4 and Affidavit of Thaddeus Fletcher at ¶ 3-6. Because even the most strained interpretation of a "colorable difference" does not include cosmetic alterations and/or different product numbers, it is clear that the current action constitutes the same cause of action as the cause of action in the Rand case. *See Hallco*, 256 F.3d at 1294.

The doctrine of *res judicata* was created to prevent this exact type of re-litigation of issues that have already received a valid, final judgment from a court of competent jurisdiction. Again, with respect to the '408 and '772 patents, the Plaintiffs are suing the same defendants with identical claims and over mechanically identical tricycles. These facts are unchanged by non-functional differences present in the newly accused product, *e.g.,* cosmetic alterations and a different model number, because it is beyond question that they do not affect the steering lock or limiting aspects of the accused device.

**II.    The Dismissal Order Entered In the Rand Case Results In An Implied License To Practice the '884 and '988 Patents**

In the case at bar, Plaintiffs assert two additional patents that were absent from the Rand case: U.S. Patent Nos. 7,487,988 ("the '988 patent") and 6,387,884 ("the '884 patent"). Complaint at ¶¶ 11-12; Ex. 1 at ¶ 11-12. The '988 patent and the '884 patent are part of the same patent family as the '408 and '772 patents, *i.e.,* they are continuations of one another, and thus their disclosures are identical. Indeed, Plaintiffs admit that all of the patents-in-suit are "directed to a vehicle steering head, limited turn system, and/or steering lock system…" *Id.* at 3. The related nature of the patents-in-suit, viewed in

light of the dismissal order in the Rand case, gives Little Tikes and MGA an implied license by legal estoppel to practice the '884 and '988 patents.

"Legal estoppel refers to a narrow category of conduct encompassing scenarios where a patentee has licensed or assigned a right, received consideration, and then sought to derogate from that right." *Wang Labs., Inc. v. Mitsubishi Elec. America*, 103 F.3d 1571, 1581 (Fed. Cir. 1997). In the instant case, Plaintiffs, as patentees, through statements and conduct, granted an implied license to Little Tikes and MGA to make, use, or sell the Ofrat Model No. 129H "Steer and Grow Trike," also known as the Little Tikes Model. No. LT129, when they agreed to voluntarily dismiss the Rand case with prejudice against Little Tikes. *See Wang Labs*, 103 F.3d at 1581. The consideration Plaintiffs received came in the form of Little Tikes voluntarily dismissing its counterclaims in the prior litigation. *See* Ex. 3 at ¶ 3. Little Tikes and MGA relied on Plaintiffs' implied license by continuing to manufacture products which employ the exact same steer-limiting technology: namely, the Ofrat Model No. 1260100 "3-in-1 Smart Trike", also known as the Little Tikes Model No. 615221. Plaintiff now unfairly seeks to derogate from the right it granted Little Tikes and MGA by filing the instant action. This Court should not permit Plaintiffs abuse of the legal system.

The patents-in-suit are closely-related; their disclosures are identical, with subject matter "directed to a vehicle steering head, limited turn system, and/or steering lock system…" Complaint at 3. In order for Little Tikes and MGA to obtain the benefit of their bargain with Plaintiffs, they must be permitted to practice the '884 and '988 patents. *See Transcore*, 563 F.3d at 1279.

> The essence of legal estoppel that can be found in the estoppel of the implied license doctrine involves the fact that the licensor (or assignor) has licensed (or assigned) a definable property right for valuable consideration, and then has attempted to derogate or

7

>   detract from that right. The grantor is estopped from taking back in
>   any extent that for which he has already received consideration.

*AMP Inc. v. United States,* 389 F.2d 448, 451 (Ct.Cl.1968).

When Plaintiffs agreed to dismiss the claims of the Rand case with prejudice, they not only granted Little Tikes and MGA a license to practice the '772 and '408 patents, but also an implied license to practice the '884 and '988 patents as well because of their related subject matter. *Transcore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271, 1279-1280 (Fed.Cir.2009) (holding that in order for patent licensee to "obtain the benefit of its bargain" with patentee, "it must be permitted to practice" a related patent to the same extent it may practice the licensed patents). After all, "licenses are considered as nothing more than a promise by the licensor not to sue the licensee." *Jim Arnold Corp v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1577 (Fed.Cir.1997).

Along these lines, *Transcore* held that whether an agreement is framed in terms of a covenant not to sue or a license is a matter of form, not substance. *See Transcore*, 563 F.3d at 1276. Importantly, the Federal Circuit held that both are properly viewed as "authorizations". *Id.* Here, the "authorization" took the form of a Dismissal Order in the Rand case, and resulted in an implied license to practice the patents currently being asserted because of their related subject matter. Accordingly, this Court should reject Plaintiffs attempt to circumvent the Dismissal Order's explicit authorization, *i.e.,* the implied license, to practice the '884 and '988 patents. *Id.* at 1279-1280 (finding implied license is "necessarily coextensive" with existing license agreement).

8

## **CONCLUSION**

For the reasons set forth above, defendants The Little Tikes Company, Inc. and MGA Entertainment, Inc. ask the Court to dismiss the complaint with prejudice for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

Dated: December 4, 2009

/s/ Edward A. Pennington
Edward A. Pennington (VSB No. 23511)
Hanify & King, PC
1055 Thomas Jefferson St. N.W.
Suite 400
Washington, DC 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@hanify.com

*Attorney for Defendants*
*The Little Tikes Company, Inc. and*
*MGA Entertainment Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 4th day of December, 2009, I electronically filed the foregoing Memorandum in Support of Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

  John C. Lynch (VSB No. 39267)
  Ethan G. Ostroff (VSB No. 71610)
  TROUTMAN SANDERS LLP
  150 West Main Street, Suite 1600
  Norfolk, VA 23510
  Tel: (757)687-7765
  Fax: (757)687-1504
  john.lynch@troutmansanders.com
  ethan.ostroff@troutmansanders.com

  *Attorneys for Plaintiffs Heinz Kettler GmbH & Co., KG., and*
  *Kettler International, Inc.*


                By: /s/ Edward A. Pennington
                  Edward A. Pennington (VSB No. 23511)
                  Hanify & King, PC
                  1055 Thomas Jefferson St. N.W.
                  Suite 400
                  Washington, DC 20007
                  Tel: (202) 403-2100
                  Fax: (202) 429-4380
                  eap@hanify.com

                  *Attorney for Defendants*
                  *The Little Tikes Company, Inc. and*
                  *MGA Entertainment Inc.*